UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARSHALL ALLEN COATS,<br><br>Plaintiff,<br><br>v.<br><br>DARYL SINGLETON, *et al.*,<br><br>Defendants. | Case No. C26-2090-RSL-MLP<br><br>REPORT AND RECOMMENDATION |

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Marshall Allen Coats is currently confined at the Airway Heights Corrections Center ("AHCC") in Airway Heights, Washington. Service has not been ordered. This Court, having reviewed Plaintiff's amended complaint and the balance of the record, concludes that Plaintiff has not stated any claim upon which relief may be granted under § 1983. The Court therefore recommends that Plaintiff's amended complaint and this action be dismissed with prejudice under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). This Court further recommends that Plaintiff's application to proceed *in forma pauperis* ("IFP") (dkt. # 9) be denied as moot.

## I. BACKGROUND

Plaintiff's original complaint named as Defendants AHCC mental health provider Daryl Singleton, Poulsbo police detective Dick Romaine, and Bone Redbird, who was identified as a "Drug Dealer." (Dkt. # 9-1 at 3.) Plaintiff alleged Mr. Singleton ordered him put into a medical isolation unit at AHCC for 24 hours in April 2026, where he was stripped and his eyeglasses taken, given a uniform, and denied soap or sandals, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* at 4-5.) Plaintiff alleged Officer Romaine investigated him without probable cause and violated his right to counsel in 2003. (*Id.* at 6-7.) Plaintiff alleged Mr. Redbird sexually assaulted him and others in 2022. (*Id.* at 7-8.) The complaint also included several pages of allegations against other people not named as defendants, in particular Madeleine or "Maddie" Williamson. (*Id.* at 14-38.)

After reviewing Plaintiff's complaint, this Court concluded it was deficient in various respects that precluded the Court from directing service of the pleading on Defendants. The Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint correcting deficiencies identified in the Order. (Dkt. # 15.)

Among the deficiencies identified by the Court were that Mr. Redbird was not a state actor and thus not amenable to suit under § 1983, and claims against Officer Romaine were barred by the statute of limitations. (Dkt. # 15 at 3.) With respect to Plaintiff's claim against Mr. Singleton, the Court advised Plaintiff that his allegations did not indicate an excessive risk to his health or safety. (*Id.* at 3-4.) In addition, the Court advised Plaintiff that if he filed an amended complaint adequately alleging a claim against Mr. Singleton, the Court would recommend transfer to the United States District Court for the Eastern District of Washington because Mr. Singleton was employed at AHCC, a facility located in that District. (*Id.* at 5.) Finally, although

Plaintiff had not named Ms. Williamson as a defendant, the Court noted that Plaintiff had filed a civil action against her and cautioned Plaintiff that such claims were not relevant in the instant action. (*Id.* at 1 n.1.)

Plaintiff was given thirty days to file an amended complaint correcting the noted deficiencies and was advised that if he failed to timely file an amended complaint, or to correct the deficiencies identified by the Court, the Court would recommend this action be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

Plaintiff filed an amended complaint in this action, naming as Defendants Mr. Singleton, Officer Romaine, Mr. Redbird, Rochelle Redbird, and Ms. Williamson. (Dkt. # 16.) In addition to repeating the deficient claims in the original complaint, the amended complaint adds new claims that Mr. Singleton retaliated against Plaintiff and participated with Ms. Williamson in assaulting, slandering, and stalking him, and that Ms. Redbird and Ms. Williamson participated with Mr. Redbird in assaulting Plaintiff and others. (*Id.*)

## II. DISCUSSION

### A. Legal Standards

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's

jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) she suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he or she was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

**B. Analysis**

*1. Defendants Mr. Redbird, Ms. Redbird, and Ms. Williamson*

As Plaintiff was previously advised, claims under § 1983 are only cognizable against a person acting under color of state or federal law. (Dkt. # 15 at 2.) Plaintiff identifies Mr. Redbird as a "Drug Dealer," Ms. Redbird as a "Drug Dealer/unemployed actress," and Ms. Williamson as

a "Gay porn star/unemployed actress" and street performer. (Dkt. # 16 at 3-4.) Accordingly, Plaintiff cannot bring claims against these Defendants in this § 1983 action. *See Crumpton*, 947 F.2d at 1420.

*2. Defendant Officer Romaine*

As Plaintiff was previously advised, the statute of limitations in this § 1983 action is three years. (Dkt. # 15 at 3.) Accordingly, his claims against Officer Romaine based on events that occurred over 20 years ago are not cognizable in this action.

*3. Defendant Mr. Singleton*

As Plaintiff was previously advised, there is no indication that one day without soap, sandals, or eyeglasses created an excessive risk to Plaintiff's health or safety. (Dkt. # 15 at 4.) He has not, therefore, alleged a sufficiently serious deprivation to state an Eighth Amendment claim.

Plaintiff also, by way of his amended complaint, seeks to add new claims against Mr. Singleton, including a retaliation claim that did not arise until after he filed his original complaint. The purpose of granting Plaintiff leave to file an amended complaint in this action was to allow him an opportunity to correct, if possible, the deficiencies in the claims alleged in his original complaint, not to broaden the scope of this action. His new claims against Mr. Singleton are beyond the scope of his original complaint and Plaintiff will not be permitted to proceed with those claims here.

## III. CONCLUSION

For the foregoing reasons, this Court recommends that Plaintiff's amended complaint and this action be DISMISSED with prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B), for failure to state any claim upon which relief may be granted under § 1983. This Court further recommends that Plaintiff's application to proceed IFP (dkt. # 9) be DENIED as moot. Finally,

the Court recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 8, 2026**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Robert S. Lasnik.

Dated this 17th day of September, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge